UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RANDOLPH POWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFF LYNCH, et al.,<br><br>　　　　Defendants. | No.  2: 23-cv-2275 KJN P<br><br><br><br>ORDER |

Introduction

　　　Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)

(quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Legal Standards

*Eighth Amendment*

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Farmer v. Brennan, 511 U.S. 825 (1994). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference ..." Labatad v. Corrs. Corp. of Amer., 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Gibson v. Cty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer, 511 U.S. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.

*Standards for Linking Defendants/Supervisory Defendants*

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

3

affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Discussion

Named as defendants are Warden Lynch, Associate Warden Andes, A Facility Captain O'Brien and Does 1-4. Plaintiff alleges that on September 29, 2021, he was moved to cell A3-101 at California State Prison-Sacramento ("CSP-Sac"). Plaintiff alleges that cell A3-101 had no ventilation or air conditioning. Plaintiff alleges that the cell was hot in the summer and cold in

the winter.  Plaintiff alleges that he suffered in that cell for over one year.

Plaintiff alleges that in December 2021, he asked defendant Doe 3 to put a work order in for his unventilated cell.  Plaintiff alleges that he told defendant Doe 3 that his cell was extremely uncomfortable and freezing.  Defendant Doe 3 told plaintiff that he would put a work order in.  Plaintiff appears to claim that defendant Doe 3 did not put a work order in for his cell because plaintiff suffered in the cell for over one year.  These allegations state a potentially colorable Eighth Amendment claim for relief against defendant Doe 3.

Plaintiff alleges that in the March MAC meeting, plaintiff told defendant Lynch and Doe defendants 1, 2 and 4 that his cell had no working air conditioning or ventilation and that plaintiff was freezing in there.  Plaintiff claims that he told these defendants that he could not sleep due to the freezing temperatures.  Plaintiff alleges that these defendants told plaintiff that they would "get it handled."  Plaintiff alleges that the problem was not "handled" because no work orders were completed for his cell.  These allegations state potentially colorable Eighth Amendment claims for relief against defendant Lynch and Does 1, 2 and 4.

Plaintiff alleges that in May 2022[1], he submitted a grievance regarding the conditions in his cell at the first and second level review.  Plaintiff alleges that in response to his grievances, work orders were put in, according to the grievance responses, but the problems in his cell were not addressed.  Plaintiff alleges that defendant Andes knew of the problems in his cell because he told plaintiff that he reviewed grievances.

For the following reasons, the undersigned finds that plaintiff has not stated a potentially colorable Eighth Amendment claim against defendant Andes.  While plaintiff alleges that defendant Andes knew of the conditions of plaintiff's cell based on his review of plaintiff's grievances, plaintiff also alleges that the responses to his grievances stated that work orders were put in.  These allegations suggest that, after reviewing plaintiff's grievances and the responses, defendant Andes may have believed that the problems in plaintiff's cell were being addressed.  Plaintiff does not allege that defendant Andes knew that the work orders discussed in the

---

[1] In the complaint, plaintiff alleges that he submitted the grievance in May 2021.  It appears that plaintiff intended to allege that he submitted the grievance in May 2022.

5

responses to plaintiff's grievances were not put in. Defendant Andes did not act with deliberate indifference if he believed that the problems in plaintiff's cell were being addressed, based on his review of the responses to plaintiff's grievances. For these reasons, plaintiff's claims against defendant Andes are dismissed. If plaintiff files an amended complaint, he shall address whether defendant Andes knew that the problems in plaintiff's cell were not addressed.

Plaintiff also alleges that as supervising staff, defendants Andes, Lynch and Doe 4 were required to ensure "the issue of my cell having no air conditioning, no ventilation and not being temperature regulated was addressed and fixed." In these allegations, plaintiff appears to base the liability of defendants Andes, Lynch and Doe 4 solely on their status as supervisory staff. As discussed in the legal standards set forth above, plaintiff cannot base the liability of supervisory staff solely on their supervisory status. Accordingly, the undersigned finds that these allegations do not state potentially colorable claims for relief against defendants Andes, Lynch and Doe 4.

Plaintiff also alleges that defendant Doe 1, as plants operations manager, was required to make sure that the work orders for plaintiff's cell, when put in, were followed through and completed. Plaintiff alleges that defendant Doe 1 knew the work orders in plaintiff's cell went uncompleted. These allegations state a potentially colorable Eighth Amendment claim for relief against defendant Doe 1.

Plaintiff's complaint contains no specific allegations against defendant O'Brien. Accordingly, the claims against defendant O'Brian are dismissed because defendant O'Brien is not linked to the alleged deprivations.

Conclusion

Plaintiff may proceed forthwith to serve defendant Lynch with the claim alleging that defendant Lynch failed to have the ventilation in plaintiff's cell repaired after the March 2022 MAC meeting (and the Doe defendants discussed above once they are identified), or he may delay serving any defendant and attempt to cure the pleadings defects as to the claims against defendants Lynch and Doe 4 based solely on their supervisory status and all claims against defendants Andes and O'Brien.

If plaintiff elects to attempt to amend his complaint, he has thirty days so to do. He is not

1  obligated to amend his complaint.

2      If plaintiff elects to proceed forthwith against defendant Lynch, against whom he has
3  stated a potentially cognizable claim for relief, he shall return the attached notice within thirty
4  days.  Following receipt of that notice, the court will order service of defendant Lynch.

5      Plaintiff is advised that in an amended complaint he must clearly identify each defendant
6  and the action that defendant took that violated his constitutional rights.  The court is not required
7  to review exhibits to determine what plaintiff's charging allegations are as to each named
8  defendant.  The charging allegations must be set forth in the amended complaint so defendants
9  have fair notice of the claims plaintiff is presenting.

10     Any amended complaint must show the federal court has jurisdiction, the action is brought
11 in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must
12 contain a request for particular relief.  Plaintiff must identify as a defendant only persons who
13 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
14 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation
15 of a constitutional right if he does an act, participates in another's act or omits to perform an act
16 he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the
17 victim of a conspiracy, he must identify the participants and allege their agreement to deprive him
18 of a specific federal constitutional right.

19     In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
20 R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.
21 R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
22 occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

23     The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d
24 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
25 heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
26 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be
27 set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema
28 N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

8

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The claims against defendants Lynch and Doe 4 based solely on their supervisory status and all claims against defendants Andes and O'Brien are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint.  Plaintiff is not obliged to amend his complaint.

    4. The allegations in the pleading are sufficient to state a potentially cognizable claim against defendant Lynch based on his alleged failure to have the ventilation in plaintiff's cell repaired after the March 2022 MAC meeting (and Does 1-4 discussed above).  See 28 U.S.C. § 1915A.  If plaintiff opts to proceed on his original complaint as to this claim against defendant Lynch, he shall return the attached notice within thirty days of service of this order.

    5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  October 18, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Pow2275.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RANDOLPH POWELL,<br><br>        Plaintiff,<br><br>   v.<br><br>JEFF LYNCH et al.,<br><br>        Defendants. | No.  2: 23-cv-2275 KJN P<br><br><br>NOTICE |

_____  Plaintiff opts to proceed with the original complaint as to the claim alleging that defendant Lynch failed to have the ventilation in plaintiff's cell repaired after the March 2022 MAC meeting.

_____  Plaintiff consents to the dismissal of the claims against defendants Lynch and Doe 4 based solely on their supervisory status and all claims against defendants Andes and O'Brien without prejudice. _____

    OR

_____  Plaintiff opts to file an amended complaint and delay service of process.

DATED:

                                              _____
                                                           Plaintiff